MARTÍNEZ, APPELLANT, v. REGISTRAR OF MAYAGÜEZ,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Lease Contract.

No. 508.—Decided February 3, 1922.

RECORD OF TITLE — LEASE CONTRACT — AUTHENTIC DOCUMENT. — A private con-
tract to which the Postmaster General of the United States of America is
a party is not an authentic document that can be recorded in the registry
of property, according to the Mortgage Law and its regulations.

ID.—ID.—PUBLIC INSTRUMENT.—Contracts for the lease of real property for more
than six years should be made by public instruments.

ID.—ID.—PRIVATE CONTRACT—AFFIDAVIT.—Private contracts the signatures to
which are authenticated by affidavit are not recordable in the registry of
property.

The facts are stated in the opinion.

*Mr. J. Sabater* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

A contract of lease was presented for record in the Reg-
istry of Property of Mayagüez and the registrar indorsed
thereon the following decision:

"This document is returned and no action has been taken on
it because it is an affidavit or private document involving a lease
contract which should be entered into in a public instrument."

From that decision Arsenio Martínez, one of the lessors,
took the present administrative appeal which we are in a
position to consider, inasmuch as in returning the document
the registrar stated the reason for his decision. *Guánica
Centrale* v. *Registrar of San Germán,* 23 P. R. R. 682.

The document presented in the registry of property is
an original contract whereby Arsenio Martínez and his wife,
Rosario B. Martínez, lease for ten years an urban property
belonging to them to the United States of America, repre-
sented by Will H. Hays, Postmaster General of the United
States. It is dated July 9, 1921, and was signed by Will H.

Hays on August 1, 1921. His signature is followed by the signatures of the lessors and these by a certificate of a notary issued in Mayagüez on July 9, 1921, to the effect that Arsenio Martínez and his wife, Rosario B. Martínez, whom he knows to be the persons who entered into the said contract of lease, appeared before him and acknowledged that they had signed, sealed and delivered it of their free and spontaneous will for the uses and purposes therein mentioned; and that the wife, Rosario B. Martínez, a party to the contract, declared while her husband was not present that she had signed the contract freely and spontaneously, without undue influence or coercion on the part of her husband.

This contract is not a public instrument because it was not executed before a notary, as the appellant admits, but is a private contract between the parties with an acknowledgment made by one of them before a notary public that she had signed the contract of her free and spontaneous will, and notwithstanding this fact the appellant alleges that it can be presented for record in the registry because it is an authentic document.

Article 2 of the Mortgage Law enumerates the instruments that may be recorded in the registry of property and, according to subdivision 5 thereof, one of them is a contract of lease for a term exceeding six years. Subdivision 1 of article 3 of the Mortgage Law provides that in order to permit of the record of the instruments mentioned in the foregoing article, they must be embodied in a public instrument, final judgment, or authentic document, issued by a judicial authority, or by the government or its agents, in the form prescribed in the Regulations. Article 51 of the Regulations prescribes that authentic documents for the purposes of the law shall be considered those which, serving as title deeds for the ownership or property right, may be issued by the government or by an authority or official of competent juris-

diction to issue the same, and which constitute *prima facie* evidence.

In accordance with these statutes the document which gave rise to this appeal is not an authentic document because it was not issued by the government or by its agents. The authentic documents to which the law and its regulations refer are those issued by the said officials in connection with documents on file in their offices.

Furthermore, according to section 1247 of the Civil Code, as amended by Act No. 65 of March 7, 1912, a contract of lease for six or more years must appear in a public instrument, if it is to the prejudice of a third person.

The document presented in the registry being, therefore, a private document with an affidavit made before a notary by one of the contracting parties, it was not recordable, as we held in cases of *Sucs. of Andreu & Co., Ltd.,* v. *Registrar of Property,* 20 P. R. R. 396; *Delgado* v. *Registrar of Caguas,* 22 P. R. R. 117, and *Pietri et al.* v. *Registrar of San Germán,* 22 P. R. R. 678.

The decision appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Hutchison concurred.
Mr. Justice Wolf took no part in the decision of this case.